**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **NATHANIEL WASHINGTON,** § | |
|     **PETITIONER,** § | |
| § | |
| **v.** § | **Civil Action No. 4:06-CV-047-Y** |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
|     **RESPONDENT.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. николай Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. Parties

Petitioner Nathaniel Washington, TDCJ-ID #554409, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Washington is currently serving a fifty-year sentence for his 1990 conviction in cause no. 0373112D in the Criminal District Court Three of Tarrant County, Texas, for delivery of a controlled substance. *Ex parte Washington*, Application No. 12,137-03, at 24. In March 2002, Washington was released on parole. (Parole Packet at 2-3.) Among other conditions of release, electronic monitoring and sex offender condition components were imposed because of his prior conviction for aggravated sexual assault. (*Id.* at 4-7-11.) On May 21, 2004, his parole was revoked. (*Id.* at 1.) Washington filed two state habeas applications, the first on June 14, 2004, and the second on June 27, 2005, challenging the imposition of electronic monitoring and sex offender conditions and the parole revocation and resultant loss of time spent on parole. *Ex parte Washington*, Application Nos. 14,137-08 & WR-14,137-10. The applications were denied without written order by the Texas Court of Criminal Appeals on September 15, 2004, and August 31, 2005, respectively. Washington filed this federal petition on December 20, 2005.[1] As ordered, Dretke has filed a preliminary response addressing only the issue of limitations, to which Washington has filed a reply.

D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition is delivered to prison authorities for mailing).

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period began to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.  The state court records reflect that Washington knew he would be subject to electronic monitoring and sex offender condition components of release as early as July 2001 and that he complied with the requirements while on parole, until he removed his leg monitor on or about May 21, 2004.  (Pet'r Memorandum a2.)  Further, on March 27, 2002, Washington signed a parole certificate which notified him in bold-faced type that revocation of his parole would forfeit time served on parole.  (Parole Packet at 2.)  Thus, Washington knew, or could have discovered through due diligence, on the date his parole was revoked that he had not been credited for time spent on parole.  Similarly, his claims regarding the revocation proceedings were known,

3

or could have been discovered through due diligence, on the date of the revocation proceedings or shortly thereafter. Accordingly, Washington knew or should have known of the factual basis for his claims at the latest on May 21, 2004, the date his parole was revoked. He had one year thereafter, or until May 23, 2005,[2] within which to timely raise his claims in a federal habeas petition, subject to any applicable tolling.

Under the statutory tolling provision, Washington's state habeas applications tolled the limitations period a total of 158 days, making his petition due on or before October 28, 2005. 28 U.S.C. § 2244(d)(2).[3] Washington has not otherwise argued that he is entitled to equitable tolling and there are no sufficiently rare and exceptional circumstances apparent in his records which would justify application of the doctrine here. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Washington's federal petition was due on or before October 28, 2005. Thus, his petition filed on December 20, 2005, is untimely.

## II. RECOMMENDATION

Washington's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

---

[2] May 21, 2005, was a Saturday.

[3] Washington also filed at least two applications for writ of mandamus in state court following his parole revocation. However, the pendency of a mandamus application does not operate to toll the running of the federal statute of limitations. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 21, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 21, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 31, 2006.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE